Filed 8/4/16  P. v. Wylam CA4/2
Received for posting 8/5/16

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E065802 |
| v. | (Super.Ct.No. INF10001318) |
| JENNIFER LYNN WYLAM, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Becky Dugan, Judge.

Affirmed.

Richard Jay Moller, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

## FACTUAL AND PROCEDURAL HISTORY

On June 24, 2010, a complaint charged defendant and appellant Jennifer Lynn Wylam with second degree burglary of a "building located at 78595 Vista Del Sol" under Penal Code section 459 (count 1); petty theft with a prior under Penal Code section 484, subdivision (a) (count 2); receiving stolen property under Penal Code section 496, subdivision (a) (count 3); possession of methamphetamine under Health and Safety Code section 11377, subdivision (a) (count 4); and giving false information to a peace officer, a misdemeanor, under Penal Code section 148.9, subdivision (a) (count 5). The complaint also alleged that defendant had suffered two prison priors and had violated probation under Penal Code section 667.5, subdivision (b).

On July 6, 2010, defendant pled guilty to count 1 and admitted one prison prior on the condition that she would be sentenced to three years, to run concurrent with her sentence in Riverside County Superior Court case No. INF10001085. In connection with this plea, defendant admitted that she went into "a building," or assisted "someone else in going in a building for the purpose of committing theft."

On the same day, the trial court dismissed the remaining counts and allegations. Thereafter, the court imposed the midterm of two years for second degree burglary, and one consecutive year for the prison prior, for a total of three years, to run concurrently with a three-year sentence in case No. INF10001085. The court imposed fines and fees, and granted defendant 15 days of actual credit and 24 days of good time credit for a total of 29 days.

On December 1, 2015, defendant filed a motion to recall her sentence for second-degree burglary, and to be resentenced as a misdemeanor under section Penal Code 1170.18, subdivision (a) or (f). On January 16, 2016, the People filed an opposition contending that the second degree burglary conviction was not a qualifying felony: "We don't have a report but an internet search revealed the address on [the] complaint is a residence not a commercial establishment."

On February 24, 2015, the court denied defendant's motion to recall her sentence because the building was not a "commercial establishment." The court explained that defendant and a codefendant "burglarized residence. [¶] He handed TV over wall to her and address on . . . complaint is not commercial establishment."

In her timely filed notice of appeal and request for a certificate of probable cause, defendant averred that the television was worth a couple of hundred dollars and she did not enter anyone's residence. The court denied the request for a certificate of probable cause.

On April 22, 2016, defendant timely filed an amended notice of appeal indicating that she was challenging orders made "after judgment, affecting substantial rights."

## DISCUSSION

After defendant appealed, and upon her request, this court appointed counsel to represent her. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738 setting forth a statement of the case, a summary of the facts, and potential arguable issues, and requesting this court to undertake a review of the entire record.

3

We offered defendant an opportunity to file a personal supplemental brief, but she has not done so.  Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the record for potential error and find no error.

**DISPOSITION**

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER                                    
                              J.

We concur:

McKINSTER                        
            Acting P. J.

SLOUGH                             
           J.

4